

J. Edward McCain III, Esquire
912 North 29th Street
Philadelphia, PA  19130
215-236-1086
Attorney I.D. No. 85419

USD... ...PA
REC... ...

10 FEB 23  PM 6: 28

---

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Carlos Herco** | : | CIVIL ACTION NO. **10 796** |
| 13 Colonial Square | : | |
| Lindenwold, NJ 08084 | : | |
| | : | **COMPLAINT** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Southeastern Pennsylvania** | : | |
| **Transportation Authority** | : | |
| 1234 Market Street | : | |
| Philadelphia, PA 19107 | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## CIVIL COMPLAINT

### I. PRELIMINARY STATEMENT

1.      This Complaint is brought pursuant to the Family and Medical Leave Act, ("the

FMLA") 29 U.S.C. §2601 et seq. The FMLA was violated because Defendant, Southeastern

Pennsylvania Transportation Authority herein referred to as SEPTA, failed to comply with

Carlos Herco's right to leave of absence for his mother's "serious health condition", ultimately

resulting in his untimely discharge from employment.

### II. PARTIES

2.      Plaintiff, Carlos Herco is an individual citizen of the Commonwealth of New

Jersey and resides therein at 13 Colonial Square Lindenwold, New Jersey 08084.

1

3.      The Plaintiff is an "eligible employee" under FMLA pursuant to 29 U.S.C. §2611 (2)(A).

4.      The Defendant, SEPTA is a corporation organized under the Laws of Pennsylvania, with its central office located at 1234 Market Street Philadelphia, Pennsylvania 19107.

5.      SEPTA is an "employer" under the FMLA pursuant to 29 U.S.C. §2611 (4)(A)(i).

## III. JURISDICTION/VENUE AND NATURE OF ACTION

6.      This action is brought pursuant to the Family Medical Leave Act (FMLA) 29U.S.C. §2601 et seq.

7.      This court has subject matter jurisdiction of the federal claims based on the FMLA as asserted in this action under 28 U.S.C. §§1331, 1343(a)(4), 29 U.S.C. §2601.

8.      This court may exercise supplemental jurisdiction over any related state law claims under 28 U.S.C. §1376.

9.      Venue is proper because the unlawful practices alleged in this complaint were and are being committed within the Eastern District of Pennsylvania.

10.      All conditions precedent have been performed or have occurred.

## IV. FACTUAL ALLEGATIONS

11.      Plaintiff began working for the defendant on or about 1994. At the time of his dismissal, Mr. Herco had been employed by SEPTA for approximately fifteen years.

12.      On or about August of 2008, Plaintiff's mother, Gregoria Herco, was diagnosed with polymyalgia rheumatica, an inflammatory condition of the muscles, causing pain and/or stiffness which can appear very suddenly, or can occur gradually over a period of time. This caused her to be unable to walk and perform daily activities.

2

13.     On or about March 12, 2009, Plaintiff provided Defendant with certification of his mother's serious medical condition from his mother's health care provider, who estimated that the frequency of polymyalgia rheumatica occured approximately one episode every one month.

14.     While Plaintiff's mother's condition can flare up at a frequency of one episode per one month, the amount of time which each episode lasts is indefinite.

15.     On or about March 13, 2009, Plaintiff was informed by notified mail of his approval for FMLA leave for Intermittent Leave for a Parent with a Serious Health Condition from February 26, 2009 to September 10, 2009.

16.     On or about March 30, 2009, Plaintiff called the Defendant's FMLA benefits representative and requested off April 1, 2009 to April 24, 2009. The FMLA representative approved his requested time off.  Plaintiff was under the assumption he was approved for the entire time period from April 1, 2009 to April 24, 2009.

17.     On or about March 30, 2009, Plaintiff informed his supervisor he would be out of work starting April, 1, 2009 to April 24, 2009 to care for his ailing mother.  Plaintiff had pre-approved vacation time from April 26, 2009 to May 8, 2009. The supervisor told the Plaintiff his leave was approved and that he would receive a confirmation letter from FMLA.

18.     Plaintiff placed a hold on his mail with the U.S. Post Office beginning April 1, 2009 and ending May 10, 2009.

19.     Plaintiff then left his home to live at his mother's home to care for her serious health condition. He assisted her 24 hours a day on her daily activities such as feeding, bathing, monitoring medication, and driving her to doctor's appointments.

3

19.     When plaintiff returned home after caring for his mother, he found a letter from the defendant dated April 6, 2009 informing him that he had been terminated for job abandonment.

20.     Plaintiff notified defendant that he had been using his FMLA approved time, and that he had notified his supervisor.

## COUNT I

21.     Plaintiff incorporates paragraphs 1 through 20 by reference as fully as though the same were set forth herein in length.

22.     Under the FMLA, Plaintiff was entitled to twelve weeks of leave during the period April 1, 2009 to April 24, 2009, because of a serious health condition of his mother that made Plaintiff unable to perform the functions of his position.

23.     By terminating Plaintiff while he was on FMLA qualifying leave, defendant interfered with, restrained, and/or denied the plaintiff's rights under the FMLA.

24.     Plaintiff provided medical certification from his doctor in a timely manner as required by defendant.

25.     Plaintiff was subsequently dismissed by defendant SEPTA in violation of the FMLA, while he was still on FMLA leave.

26.     As a direct and proximate result of defendant's conduct, plaintiff has suffered damages in an amount in excess of one hundred and fifty thousand dollars ($150,000.00).

Wherefore plaintiff demands judgment against defendant in an amount greater than the limits of arbitration, plus interest and costs and such other damages and remedies as may be provided by law.

4

## PRAYER FOR RELIEF

27.     Plaintiff incorporates paragraphs 1 through 26 by reference as fully as though the same were set forth herein in length.

WHEREFORE, Plaintiff requests the Court to enter judgment in his favor and against Defendant and order:

(a)     Reinstatement to his job;

(b)     An award of damages for lost salary, employment benefits, and any other lost compensation (plus interest on the total):

(c)     An award of liquidated damages equal to the sum of all the damages and interest;

(d)     An award of attorneys' fees and costs;

(e)     Such other relief as may be just and proper.


DATED: 2/23/2010

BY: _____
J. Edward McCain III, Esquire
THE LAW OFFICE OF J. EDWARD MCCAIN III
ID# 85419
912 North 29th Street
Philadelphia, PA  19130
215-236-1086
Attorney for Plaintiff

**VERIFICATION**

 I, **Carlos Herco, the plaintiff in this action,** hereby verify that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief.  The undersigned understands that the statements therein are subject to the penalties of 5 C.F.R. §§ 1201.71-85 relating to unsworn falsification to authorities.

**Carlos Herco**

DATED: 2/23/10