IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS HERCO | : | CIVIL ACTION |
| v. | : | |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY | : | NO. 10-796 |

MEMORANDUM

Bartle, C.J. January 25, 2011

      Plaintiff Carlos Herco ("Herco") brings this action against his former employer the Southeastern Pennsylvania Transportation Authority ("SEPTA") for violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* Before the court is the motion of SEPTA for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

I.

      Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986). After reviewing the evidence, the court makes all reasonable inferences from the evidence in the light most

favorable to the non-movant.  In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).

II.

The following facts are undisputed or viewed in the light most favorable to Herco, the non-moving party.  Herco has worked for SEPTA since approximately 1994, first as a custodian and most recently as a mechanic.  In August 2008, Herco's mother Gregoria Herco was diagnosed with polymyalgia rheumatica, an inflammatory condition of the muscles.  This condition causes pain and stiffness that leave Mrs. Herco unable to walk and perform daily life activities.

In February 2009, Herco informed his supervisor of the need to take FMLA leave to care for his mother.  Herco was referred to AmeriHealth Casualty, SEPTA's third-party administrator for FMLA claims.  At the request of SEPTA, Herco obtained certification from his mother's health care provider, Dr. Nancy Beggs.  Beggs certified that Mrs. Herco's condition would cause "episodic flare-ups periodically preventing the patient from participation in normal daily activities" for an "indefinite" period.  Beggs also estimated that these flare-ups would occur one time a month.  However, Beggs failed to complete the section of the certification form regarding the duration of these flare-ups.

After submitting this certification and other paperwork, Herco's request for intermittent FMLA leave was approved.  However, AmeriHealth designated that Herco's leave

should not exceed one day per month.  On March 13, 2009, Herco received a letter from AmeriHealth containing a notice of eligibility and his rights and responsibilities under the FMLA. He also received an FMLA designation notice.  This notice stated in bold that "[y]our FMLA leave request is approved.  All leave taken for this reason will be designated as FMLA leave."  Below, the notice provided that "[a]bsences should not exceed 1 day per month."

Unfortunately, Herco did not read the entire notice and therefore did not realize that he had been approved for only one day of leave per month.  On March 30, 2009, Herco called AmeriHealth and requested leave for April 1, 2009 through April 26, 2009.  Based on his conversation with the Amerihealth representative, Herco believed this entire request for leave had been approved.  Herco contends that he informed his supervisor that he would be taking FMLA leave until April 26, 2009 and that his supervisor informed him that this request was approved. According to SEPTA, Herco's supervisor informed him that he was only approved for one day of leave and that he needed to contact Amerihealth regarding any request for additional time.

Herco then placed a hold on his mail and went to live with his mother in New Jersey.  When he returned home, he found a letter from SEPTA dated April 6, 2009, which informed him that he had been terminated pursuant to his collective bargaining agreement for an unexcused failure to report to work for more than three days.  Herco challenged his dismissal pursuant to his

union grievance policy.  After these attempts at reinstatement failed, Herco filed this complaint.

III.

Under the FMLA, an employee is entitled to leave in order to care for a parent with a serious health condition.  29 U.S.C. § 2612(c); 29 C.F.R. § 825.201.  Leave may be taken on a continuous or intermittent basis for up to twelve weeks during any twelve month period.  29 U.S.C. § 2612(a); 29 C.F.R. § 825.200(a).  "Intermittent leave ... may include leave of periods from an hour or more to several weeks."  29 C.F.R. § 825.202.

If leave is foreseeable, an employee is required to give his employer 30 days advance notice or, if this amount of notice is impossible, then notice is required "as soon as practicable."  29 U.S.C. § 2612(e)(1); 29 C.F.R. § 825.302.  If leave is unforeseeable, an employee must notify its employer pursuant to the employer's "usual and customary notice and procedural requirements" and within two days of learning of the need for leave, except in extraordinary circumstances.  29 C.F.R. § 825.303.

To prevent abuse of the FMLA, an employer is entitled to request medical certification.  29 U.S.C. § 2613(a).  An employer must notify the employee of the consequences of failing to provide the requested certification.  29 C.F.R. § 825.301(b)(1)(ii). A certification must contain:  (1) the date on which the serious health condition began; (2) the probable

duration of the condition; (3) the medical facts within the knowledge of the health care provider regarding the condition; and (4) if the leave is for the purpose of caring for a family member, an estimate of the amount of time that the employee will be needed to care for the family member. 29 U.S.C. § 2613(b). The regulations also state that:

> The employer shall advise an employee whenever the employer finds a certification incomplete or insufficient, and shall state in writing what additional information is necessary to make the certification complete and sufficient. A certification is considered incomplete if the employer receives a certification, but one or more of the applicable entries have not been completed. A certification is considered insufficient if the employer receives a complete certification, but the information provided is vague, ambiguous, or non-responsive. The employer must provide the employee with seven calendar days ... to cure any such deficiency.

29 C.F.R. § 825.305(c). If an employer doubts the truth of a medical certification, it may require the employee to seek a second certification from a health care provider chosen and paid for by the employer. 29 U.S.C. § 2613(c); 29 C.F.R. § 825.307(2).

In his complaint, Herco asserts that SEPTA interfered with his rights under the FMLA. To assert an interference claim, a plaintiff must plead that: (1) he was entitled to benefits under the FMLA; and (2) that his employer interfered with, restrained, or denied the exercise of those benefits. <u>Callison v. City of Philadelphia</u>, 430 F.3d 117, 119 (3d Cir. 2005) (citing

-5-

29 U.S.C. §§ 2612(a); 2614(a)). Interference includes "not only refusing to authorize FMLA leave, but discouraging an employee from using such leave."  29 C.F.R. § 825.220(b).

It is undisputed that Herco was entitled to benefits under the FMLA.  He was an eligible employee, and SEPTA is a covered entity under the FMLA.  See 29 U.S.C. § 2611(2); (4). SEPTA does not contend that Herco's mother did not suffer from a serious illness as defined by the FMLA.  However, SEPTA argues that because it provided Herco with some leave and the appropriate notice of his rights and responsibilities, it did not interfere with, deny, or restrain any right of Herco under the FMLA.

We cannot agree with SEPTA's position.  Instead, we find that Herco has raised a genuine issue of material fact regarding whether SEPTA interfered with his rights under the FMLA.  Herco provided a medical certification that included both incomplete entries and vague responses regarding the duration of the intermittent leave he required.  Therefore, his certification was incomplete.  29 U.S.C. § 2613(b); see also Peter v. Lincoln Technical Inst., Inc., 255 F. Supp. 2d 417, 444 (E.D. Pa. 2002); Marrero v. Camden County Bd. of Social Servs., 164 F. Supp. 2d 455, 466 (D.N.J. 2001); Shtab v. Greate Bay Hotel and Casino, Inc., 173 F. Supp. 2d 255, 265 (D.N.J. 2001).  Under the FMLA, an employer *must* notify an employee in writing if it finds the certification incomplete and grant the employee at least seven days to provide additional information.  29 C.F.R. § 825.305(c).

-6-

SEPTA does not contend that it notified Herco that his certification was incomplete. Instead, it chose to approve Herco for only one day of leave per month, despite the fact that his certification did not specify the required duration and that intermittent leave can last for periods of anywhere from hours to weeks. See 29 C.F.R. § 825.202.

Under the applicable regulations, "[a]ny violations of the [FMLA] or of these regulations constitute interfering with, restraining, or denying the exercise of rights provided by the Act." 29 C.F.R. § 825.220(b). Thus, failure to request additional information before limiting an employee's FMLA leave to one day per month can constitute a valid interference claim.

In his brief in opposition to the defendant's motion for summary judgment, Herco also asserts a claim for retaliation. To establish a claim for retaliation, a plaintiff must prove that: (1) he took leave under the FMLA; (2) he suffered an adverse employment decision; and (3) the adverse decision was causally related to his leave. Conoshenti v. Public Serv. Elec. & Gas Co., 364 F.3d 135, 146-47 (3d Cir. 2004). Termination of an employee after a valid request for leave under the FMLA can give rise to both interference and retaliation claims. Erdman v. Nationwide Ins. Co., 582 F.3d 500, 509 (3d Cir. 2009).

Herco, however, failed to plead any claim for retaliation in his complaint. Retaliation claims are distinct from interference claims and arise under a different subsection of the FMLA. See 29 U.S.C. §§ 2615(a)(1) & (a)(2). Although

Herco is represented by counsel, his complaint includes only one count for interference and is devoid of any reference to retaliation. A plaintiff cannot raise claims in a brief that were not originally pleaded in his complaint. See, e.g., Bell v. City of Philadelphia, 275 Fed. App'x 157, 160 (3d Cir. 2008) (citing Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir. 1996)); Johnson v. Community College of Allegheny County, 566 F. Supp. 2d 405, 449 (W.D. Pa. 2008).

Accordingly, we will deny the motion of SEPTA for summary judgment with respect to the claims asserted in plaintiff's complaint.